UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

H.F.,

               Petitioner,

      v.

SERGIO ALBARRAN, et al.,

               Respondents.

No.  1:25-cv-01795-TLN-EFB

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  On December 19, 2025, the District Court granted petitioner's motion for temporary restraining order; ordered petitioner immediately released from custody under the same conditions that had applied to him prior to his October 27, 2025 arrest; and preliminarily enjoined respondents from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including notice and a hearing before a neutral fact-finder.  ECF No. 12. Subsequently, respondents filed Responses to the petition that raised no additional arguments and submitted the matter on the extant record.  ECF Nos. 15, 16.  Petitioner, in his Traverse, also submitted the matter on the current record.  ECF No. 17.  For the reasons set forth below, the undersigned recommends the petition for writ of habeas corpus be granted.

**BACKGROUND**

For judicial economy, the court adopts the factual background as set forth in the District Court's order granting petitioner's motion for temporary restraining order:

1

Petitioner is a citizen and national of Iran who entered the United States with his spouse and child on December 25, 2021. (ECF No. 2 at 8.) Shortly thereafter, they were apprehended by U.S. Immigration and Customs Enforcement ("ICE"), taken into immigration custody, and briefly detained. (*Id.*) The following day, Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226. (*Id.*) Petitioner was provided a Notice to Appear for removal proceedings under 8 U.S.C. § 1229a. (*Id.*)

Petitioner states that shortly after entering the United States, he and his spouse began experiencing marital discord. (*Id.*) Petitioner was arrested in August 2022 following accusations against him made by his spouse which Petitioner claims are false. (*Id.*) Petitioner has maintained his innocence throughout his criminal proceedings. (*Id.*) Three years later, Petitioner pleaded no contest in California Superior Court to two counts of nonviolently dissuading a witness under California Penal Code § 136.1(b)(2).4 (*Id.* at 8–9.) The District Attorney dismissed all other charges. (*Id.* at 9.) On October 27, 2025, Petitioner was sentenced to 120 days of imprisonment in county jail and a total of three years on probation. (*Id.*) Petitioner was released from custody that same day based on time served. (*Id.*)

Upon his release, Petitioner was immediately detained by ICE at the courthouse. (*Id.*) He was transferred to the Mesa Verde ICE Processing Facility. (*Id.*) Petitioner is being detained without an opportunity to post bond or be released on other conditions, including release on his prior order of release on recognizance. (*Id.*)

Petitioner filed a petition for writ of habeas corpus and the instant motion for a TRO and preliminary injunction on December 10, 2025. (ECF Nos. 1-3.)

ECF No. 12 at 2-3.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

////

////

////

**DISCUSSION**

Petitioner raises three claims for relief: that his detention violates the Immigration Nationality Act, the applicable federal regulations, and his rights to due process under the Fifth Amendment of the Constitution. ECF No. 1 at 13-15. The undersigned finds that petitioner has shown his entitlement to relief on the first and third claims and recommends the writ be granted.

In petitioner's first claim for relief, he alleges that his detention pursuant to 8 U.S.C. § 1225(b)(2) is unlawful because that statutory section does not properly apply to him. ECF No. 1 at 13-14. Respondents argue that petitioner is an "applicant for admission" per § 1225(a)(1), thus subjecting him to the mandatory detention provision in § 1225(b). ECF No. 10 at 7-14. For the reasons set forth in the District Court's December 19, 2025 Order, the undersigned finds that petitioner has shown that his detention is unlawful because 8 U.S.C. § 1225(b)(2) does not apply to him, as he is not an "applicant for admission" within the meaning of § 1225(a)(1). Section 1225(b)(2) does not properly apply to persons like petitioner who had been previously admitted to the United States, then released by DHS authorities; rather, § 1225(b)(2) only applies to those aliens "seeking admission" to the United States. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). To construe § 1225(b)(2) to mandate detention for persons like petitioner is untenable under principles of statutory construction, as it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." ECF No. 12 at 5 (quoting *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)). Petitioner has shown by a preponderance of evidence Respondents' detention of him pursuant to 8 U.S.C. § 1225(b) is unlawful under that statute, entitling him to habeas corpus relief.

Petitioner has also shown that his detention without a bond hearing violates his right to due process under the Fifth Amendment. To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest

3

through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  For the reasons set forth in the District Court's December 10, 2025 Order, petitioner has shown that he has a protected liberty interest in his freedom from detention.  Since petitioner's release after his initial entry to the United States, petitioner developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); ECF No. 12 at 7-8.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified when the noncitizen poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025); ECF No. 12 at 9. Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4; ECF No. 12 at 9.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

4

The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Lopez*, 2025 WL 3124116, at \*4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at \*7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)); *see also* ECF No. 12 at 9-10.

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including notice and a hearing before a neutral fact-finder where Respondents show (a) there are material changed circumstances which demonstrate there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) clear and convincing evidence shows that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have his counsel present;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE